UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORRIE MAE THOMAS,

            Petitioner,

                                    CASE NO. 12-cv-11351
v.                               HONORABLE SEAN F. COX

MILLICENT WARREN,

            Respondent.

_____/

**OPINION AND ORDER
DENYING THE HABEAS CORPUS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, BUT
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

      Petitioner Lorrie Mae Thomas has filed a *pro se* habeas corpus petition challenging her state court convictions and sentence for involuntary manslaughter and several related offenses. Respondent Millicent Warren urges the Court to deny the petition. The Court has determined from a review of the pleadings and record that Petitioner's claims lack merit or are not cognizable on habeas corpus review and that the state court's rejection of the claims on direct appeal was objectively reasonable. Consequently, the habeas petition must be denied.

## I. BACKGROUND

      This case arises from Petitioner's neglect of her adopted niece, Shylea Thomas, who was physically and mentally disabled. Shylea died on March 8, 2009, at the age of nine. The medical examiner determined that Shylea's death was a homicide and that the cause of death was medical neglect, malnutrition, and dehydration, complicating remote hypoxic encephalopathy.

Petitioner was charged in Genesee County, Michigan with: (1) second-degree murder, MICH. COMP. LAWS § 750.317; (2) second-degree child abuse, MICH. COMP. LAWS § 750.136b(3); (3) tampering with evidence in a criminal case, MICH. COMP. LAWS § 750.483a; (4) welfare fraud over $500.00, MICH. COMP. LAWS § 400.60(1); (5) welfare fraud, failure to inform, MICH. COMP. LAWS § 750.60(2); and (6) removal of a dead body without the medical examiner's permission, MICH. COMP. LAWS § 52.204.  The prosecuting attorney subsequently moved to reduce count one from second-degree murder to involuntary manslaughter on the ground that Petitioner caused Shylea's death by neglecting and starving her.  The second count was based on an allegation that Petitioner failed to provide adequate care and nutrition for Shylea.

Counts three through six concerned Petitioner's conduct after Shylea's death.  The third and sixth counts arose from allegations that Petitioner moved Shylea's body after her death without first notifying the county medical examiner and then concealed the body in a storage facility.  The two welfare counts were based on Petitioner's failure to inform county officials of Shylea's death and the fact that Petitioner continued to cash adoption subsidy checks after Shylea died.

On December 4, 2009, Petitioner pleaded no contest in Genesee County Circuit Court to involuntary manslaughter, MICH. COMP. LAWS § 750.321.  She pleaded no contest to the other five counts, as charged.  There was no sentence agreement.

On January 11, 2010, the trial court sentenced Petitioner to imprisonment as follows:  ten to fifteen years for involuntary manslaughter; two years, eight months to four years for second-degree child abuse and the two welfare fraud offenses; six to ten years for tampering with evidence; and one year for removing a body without permission of the medical examiner.  The

2

trial court ordered the prison terms to be served concurrently and credited Petitioner with 266 days already served.  The trial court ordered Petitioner to pay $11,538.92 in restitution.

In an application for leave to appeal, Petitioner alleged that the trial court lacked substantial and compelling reasons for exceeding the state sentencing guidelines and that the court's departure from the guidelines was disproportionate.  She also contended that the sentencing guidelines were incorrectly scored, that the restitution amount was incorrect, and that trial counsel was ineffective for failing to challenge the restitution amount.  The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented."  *People v. Thomas*, No. 300230 (Mich. Ct. App. Oct. 22, 2010).  Petitioner raised the same issues in the Michigan Supreme Court, but, on April 25, 2011, the state supreme court denied leave to appeal because it was not persuaded to review the issues.  *See People v. Thomas*, 796 N.W.2d 75 (Mich. 2011) (table).

On March 26, 2012, Petitioner filed her habeas petition, raising the same claims that she presented to the state courts.  Respondent Millicent Warren argues in an answer to the petition filed through counsel that Petitioner's claims lack merit and do not entitle Petitioner to relief.

## II.  STANDARD OF REVIEW

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)."  *Harrington v. Richter*, __ U.S. __, __, 131 S. Ct. 770, 783 (2011).  Pursuant to § 2254, state prisoners are entitled to the writ of habeas corpus only if the state court's adjudication of their claims on the merits

> (1)     resulted in a decision that was contrary to, or involved an
>         unreasonable application of, clearly established Federal law, as

2:12-cv-11351-SFC-MJH   Doc # 10   Filed 12/10/12   Pg 4 of 10   Pg ID 597

determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable
        determination of the facts in light of the evidence presented in the
        State court proceeding.

28 U.S.C. § 2254(d).

> Under the "contrary to" clause [of § 2254(d)(1)], a federal habeas court
> may grant the writ if the state court arrives at a conclusion opposite to that
> reached by [the Supreme] Court on a question of law or if the state court decides a
> case differently than [the Supreme] Court has on a set of materially
> indistinguishable facts. Under the "unreasonable application" clause [of §
> 2254(d)(1)], a federal habeas court may grant the writ if the state court identifies
> the correct governing legal principle from [the Supreme] Court's decisions but
> unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

In this case, the Michigan Court of Appeals denied leave to appeal for "lack of merit in

the grounds presented," and the Michigan Supreme Court denied leave to appeal because it was

not persuaded to review the issues. These brief rulings are considered adjudications on the

merits within the meaning of § 2254(d); therefore, AEDPA deference applies to the state

appellate courts' orders in this case. *Werth v. Bell*, 692 F.3d 486, 492-93 (6th Cir. 2012).

"A state court's determination that a claim lacks merit precludes federal habeas relief so

long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

*Harrington v. Richter*, 131 S. Ct. at 786 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664

(2004)). To obtain a writ of habeas corpus, Petitioner must show that the state courts' rulings on

her claims were "so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at

786-87.

**III.  DISCUSSION**

4

## A.  The Upward Departure from the Sentencing Guidelines

Petitioner alleges that her state and federal constitutional rights were violated when the trial court exceeded the state sentencing guidelines of forty-three to eighty-six months (three years, seven months to seven years, two months).  Petitioner asserts that the trial court lacked substantial and compelling reasons for departing from the guidelines.  She points out that she had no prior convictions.  She also asserts that she did not intend for Shylea to die, that she is remorseful, and that the prosecutor failed to establish one of the elements of involuntary manslaughter.

Under state law, a court may depart from the sentencing guidelines if the court has a substantial and compelling reason for the departure.  MICH. COMP. LAWS § 769.34(3). Petitioner's claim that the state court lacked a substantial and compelling reason for departing from the guidelines lacks merit because the alleged violation of state law fails to state a claim for which habeas corpus relief may be granted.  *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000).  And the state court's departure from the guidelines did not violate any federal due process right.  *See id*. at 301.

Although Petitioner also contends that the trial court's departure from the guidelines was disproportionate to the offense and the offender, the Eighth Amendment to the United States Constitution "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288  (1983)).  Petitioner's neglect of a severely disabled child who was completely dependent on her was a heinous crime.  Furthermore, her sentence of ten to fifteen years for involuntary manslaughter did not exceed the statutory limit of fifteen years.  "As long

5

as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson*, 213 F.3d at 301 (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)). The Court therefore finds that Petitioner's sentence is not grossly disproportionate to the crime or the offender, nor cruel and unusual punishment under the Eighth Amendment. Consequently, Petitioner has no right to relief on the basis of her first claim.

**B. The Scoring of the Guidelines**

Petitioner alleges next that she is entitled to resentencing because the trial court inaccurately scored offense variables seven, nine, and thirteen of the state sentencing guidelines. Petitioner further alleges that she was sentenced on the basis of inaccurate information.

The state court's alleged misinterpretation and application of its sentencing laws and guidelines "is a matter of state concern only," *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Therefore, Petitioner's challenge to the state trial court's scoring of the sentencing guidelines is not a cognizable claim on habeas corpus review. *Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001).

Petitioner nevertheless maintains that she had a constitutional right to be sentenced on the basis of accurate information. To prevail on this claim, Petitioner must show that the trial court relied on "extensively and materially false" information, which she had no opportunity to correct through counsel. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). She must demonstrate that her sentence was "founded at least in part upon misinformation of constitutional magnitude." *United States v. Tucker*, 404 US. 443, 447 (1972).

6

Petitioner was represented by counsel at the sentencing hearing on January 11, 2010, and she had an opportunity to contest the scoring of the offense variables at the hearing.  The trial court, moreover, did not impose the sentence solely on the mechanical computation of offense variables.  The court noted that Shylea was unable to do anything for herself and was totally dependent on Petitioner.  Shylea was unable to speak, and she needed to be turned, suctioned, diapered, and fed through a feeding tube.  Petitioner took Shylea out of school and confined her to a crib in an upstairs room where virtually no one noticed her.  The trial court concluded that there were substantial and compelling reasons to depart upwards from the sentencing guidelines, because the guidelines were never intended to deal with a situation such as the one presented in this case where there was "severe neglect in every way."  (Sentence Tr., 32, Jan. 11, 2010).

Petitioner merely speculates that the trial court might have sentenced her within the sentencing guidelines if the offense variables had been scored differently.  She has failed to show that the trial court relied on "extensively and materially false" information, which she had no opportunity to correct through counsel and that her sentence was founded on misinformation of constitutional magnitude.  Consequently, she has no right to habeas relief on the basis of her claim about the scoring of the sentencing guidelines.

## C.  The Restitution Amount and Counsel's Failure to Object to the Amount

In her third and final claim, Petitioner alleges that the trial court ordered an improper amount of restitution and that defense counsel was ineffective for failing to raise a challenge to the restitution amount.  Petitioner asserts that the restitution amount included $14.83 per day for the care of Shylea's sister, and because there was no evidence that she did not use the money for Shylea's sister, the restitution amount should be lowered by $14.83 per day.  Petitioner also

7

claims that she had a due process right to be sentenced on the basis of accurate information.

Contrary to Petitioner's allegations, defense counsel did object at sentencing to the amount of restitution.  Furthermore, Petitioner is entitled to the writ of habeas corpus only if she is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The imposition of a fine is not a sufficient restraint on liberty to meet the "in custody" requirement of § 2254(a).  *See United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995) (interpreting the "in custody" requirement of 28 U.S.C. § 2255).  Consequently, Petitioner has not alleged a cognizable claim on habeas corpus review, and couching the restitution issue as a due process claim does not avail her.  *Flores v. Hickman*, 533 F. Supp.2d 1068, 1085 (C.D. Cal. 2008).

"Nor does it matter that [Petitioner] couched [her] restitution claim in terms of ineffective assistance of counsel."  *United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002). The "appropriate relief would be an amendment to the court's order of restitution, not release from custody.  Under these circumstances, even when errors in restitution are raised as the basis of an ineffective assistance claim," habeas corpus relief is not available to challenge a restitution order imposed as part of a criminal sentence.  *United States v. Zaragoza*, 16 F. Supp.2d 1111, 1111-12 (N.D. Ind. 1998).  The Court concludes that Petitioner has no right to habeas relief on the basis of her claims about the restitution order and her attorney's alleged failure to object to the restitution amount.

## IV.  CONCLUSION.

The state appellate court's conclusion that Petitioner's claims lacked merit did not result in a decision that was contrary to clearly established federal law, an unreasonable application of

clearly established federal law, or an unreasonable determination of the facts.  Accordingly, the

petition for a writ of habeas corpus is **DENIED**.

### V.  CERTIFICATE OF APPEALABILITY AND APPELLATE FILING FEE

Before Petitioner may appeal this decision, a certificate of appealability must issue.  28

U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  A certificate of appealability may issue "only

if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "Where a district court has rejected the

constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:

The petitioner must demonstrate that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would not disagree with the Court's resolution of Petitioner's claims.

Consequently, the Court declines to issue a certificate of appealability.

The standard for issuing a certificate of appealability – a "substantial showing of the

denial of a constitutional right" –  has a higher threshold than the *in forma pauperis* standard,

which merely requires showing that the appeal is not frivolous.  *United States v. Youngblood*,

116 F.3d 1113, 1115 (5th Cir. 1997).  The issues in this case are not entirely frivolous.

Therefore, an appeal could be taken in good faith, and Petitioner may proceed *in forma pauperis*

on appeal if she decides to appeal this opinion and order.


Dated:  December 10, 2012                          S/ Sean F. Cox_____
                                                    Sean F. Cox
                                                    U. S. District Court Judge


I hereby certify that on December 10, 2012, the foregoing document was served upon counsel of
record by electronic means and upon Lorrie Thomas by First Class Mail at the address below:

Lorrie Thomas #752959
Huron Valley Complex - Womens
3201 Bemis Road
Ypsilanti, MI 48197


Dated:  December 10, 2012                          S/ Jennifer McCoy_____
                                                    Case Manager

10